UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OHIO CASUALTY INSURANCE
COMPANY, an Ohio corporation,

　　　　　Plaintiff,

　　v.

USAA CASUALTY INSURANCE
COMPANY, a Texas corporation,

　　　　　Defendant.

Case No. C07-5316FDB

ORDER GRANTING DEFENDANT
USAA CASUALTY INSURANCE
COMPANY'S MOTION FOR
SUMMARY JUDGMENT

　　　　The underlying facts are undisputed. Ohio Casualty seeks contribution from USAA Casualty Insurance Company (USAA CIC) claiming that USAA CIC had a duty to defend its policy holders, Luke and Monica Aikins. The Aikins' nephew died when Mr. Aikins accidentally ran over him while operating a bulldozer on the Aikins' property. USAA CIC denied coverage because the Aikins' USAA CIC homeowners' policy had a clear exclusion for accidents arising out of the use of a motorized land conveyance (such as a bulldozer). Ohio Casualty admits in its Answers to USAA CIC's Interrogatories and in its briefing that Mr. Aikins was "operating a piece of equipment not insured under the Aikins' homeowner's policy with USAA." The exclusion provides as follows under the heading "Exclusions" "1. Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury or property damage ... e. *arising out of*:"

> 　　(1) the ownership, maintenance, use, loading or unloading of motor vehicles or *all other motorized land conveyances*, including trailers, owned or operated by or rented or loaned to an **Insured**;

USAA CIC Policy, Sachs Decl. Ex. A, at Pg. 12-13 (italics added) (bold in original).

ORDER - 1

Pursuant to the foregoing exclusion, USAA CIC moves for summary judgment, arguing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Furthermore, USAA CIC argues that any factual disputes over whether Mr. and/or Mrs. Aikins were negligent are not *material* factual disputes.

Ohio Casualty has brought claims against USAA CIC for bad faith, Consumer Protection Act violations, and for contribution and/or equitable indemnity. Ohio Casualty suggests that USAA CIC had a duty to conduct a full investigation and that there is an issue of fact as to whether USAA CIC met this duty, that USAA CIC failed in its duty to give equal consideration to the interests of the insureds, and that USAA CIC failed to defend after the Aikins made their demand.

The Court having considered the parties' submissions on USAA CIC's summary judgment motion and the record herein, concludes that USAA CIC motion must be granted for the following reasons.

It is undisputed, and it is recognized that a bulldozer is a motorized land conveyance. *See Richards v. USAA,* No. 98-2-11651-0, 2000 WL 339898, at *2 (Wn. Ct. App. Mar. 27, 2000); *St. Paul Fire and Marine Insurance Company v. Home Insurance Company*, 233 A.D.2d 388 (1996)(Home Insurance had an exclusion for damages arising out of the use of "motor vehicles or all other motorized land conveyances"; the vehicle at issue was a bulldozer.)

Ohio Casualty's assertion that USAA CIC still had a duty to defend on the basis of either of the Aikins' negligent actions is unavailing, as such an assertion is unsupported in the law and would render the exclusion meaningless. The cases cited by USAA CIC contained facts establishing negligence on the part of the insureds, but concluded that once a court determines that an exclusion applies, there is no need to address whether the insured was negligent. *See, e.g., Brown v. Farm Bureau Gen. Ins. Co. Of Mich.*, 273 Mich. App. 658, 664 (2007)("Coverage under a policy is lost if any exclusion in the policy applies to an insured's particular claims. Clear and specific exclusions must be given effect because an insurance company cannot be liable for a risk it did not assume.").

ORDER - 2

The Court agrees that in situations where a death is caused by a motorized land conveyance, someone is probably negligent, but if the exclusion were nullified by stating that someone was negligent, the exclusion would be pointless. *See also Toll Bridge Auth. v. Aetna Ins. Co.*, 54 Wn. App. 400, 404-05 (1989)(Insured argued that although the exclusion applied, a determination of proximate cause was still necessary, but Appellate Court affirmed the trial court's conclusion that the exclusion applied.)

Ohio Casualty's bad faith claim also fails because "Where an exclusion clearly and unambiguously applies to bar coverage, the court's inquiry ends." *Scottsdale Ins. Co. v. Int'l Protective Agency, Inc.*, 105 Wn. App. 244, 249 (2001), *citing Hayden v. Mut. Of Enumclaw Ins. Co.*, 141 Wn.2d 55, 65 (2000). To establish bad faith, the insured must show that the insurer's actions were "unreasonable, frivolous, or unfounded." *Kirk v. Mt. Airy Ins. Co.*, 134 Wn.2d 558, 560 (1998). It cannot be concluded that USAA CIC actions in this case were unreasonable, frivolous, or unfounded. On the contrary, USAA CIC acted appropriately in denying coverage under the clear exclusion in the homeowner's policy. Accordingly, all Ohio Casualty's claims will be denied with prejudice.

NOW, THEREFORE, IT IS ORDERED: Defendant USAA Casualty Insurance Company's Motion for Summary Judgment [Dkt. # 11] is GRANTED and all of Plaintiff Ohio Casualty Insurance Company's claims and DISMISSED with prejudice. The Clerk of the Court shall enter Judgment accordingly in favor of USAA Casualty Insurance Company.

DATED this 13th day of March, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3